DORE, Judge.
This is a suit for the sum of $57.26 with legal interest from the date of judicial demand and costs. It was filed upon the Clerk’s Docket of the Parish of Lafayette, Louisiana, and the demand was in the form of a simple citation with a sworn itemized statement of the account attached thereto. No petition was presented, the demand was not articulated or verified.
Preliminary default was taken before the Clerk of the Court and was confirmed before the Clerk of the Court and was signed by a Deputy Clerk of Court. From this judgment, the defendant has appealed on the ground that in the rendition and signing of the judgment, the Clerk of Court was without jurisdiction and that the judgment is contrary to the law and to the evidence and is null and void.
• Counsel for defendant-appellant contends in his brief that this- suit was brought “under the procedure set out in the provisions of Act No. 223 of 1928 of the Legislature. That Act provides a procedure for bringing causes of action which do not require a written demand, nor articulation, nor verification, and provides for the proof of demands and. the taking of defaults before -the Clerk or Chief Deputy Clerk of the Court, which shall be as valid as though done before the judge. However, the special- procedure for pleadings, etc., provided for ,in that Act is limited. Section 1 of Louisiana Act 223 of 1928 provides as follows, to-wit: ‘The procedure in the several District Courts of the State, in cases in which those courts have concurrent jurisdiction with Justice of the Peace Court other than municipal courts, shall be as follows
“The Language of the Act clearly limits the special procedure therein set forth to apply only to those cases brought in the District Court in which the District Court has concurrent jurisdiction with a Justice of the Peace Court ‘other than Municipal Court’. As though this language were not sufficiently clear on the limited application of said special procedure, Section 13 of that Act provides as follows, to-wit: ‘In suits arising within the territorial jurisdiction of Municipal Courts established under any legislative act of this State, where the jurisdiction of the District Court is invoked, the ordinary rules of practise, pleading and procedure observed in said District Courts shall govern.’
“The present case comes squarely under the provisions of Section 13 of Louisiana Act 223 of 1928 above quoted. It is clear from the record that this suit arose within territorial jurisdiction of a Municipal Court established under a legislative act of this State, and that the demand is one where the District Court has concurrent jurisdiction with the said Municipal Court and not with any Justice of the Peace Court.”
Article 7, Section 29 of the Constitution of the State of Louisiana sets forth the jurisdiction of the Courts of Appeal as *221 follows: “The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only,' which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount' involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
It is well settled that the Court should take notice ex propria rriotu of its want of jurisdiction rationae materiae, and under the uncontradicted statement above quoted from plaintiff’s brief and from the record, this Court is without jurisdiction and this appeal is therefore dismissed.
ROBERT D. JONES, J., sitting ad hoc.